UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

LEVER BOWERS,

Plaintiff,

-against-

CITY OF NEW YORK, KIDERT JEAN-MARIE, Individually,
FRANK DESIDERATO, Individually, and JOHN and JANE DOE
1 through 10, Individually (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

Defendants.

-------------------------------------------------------------------------------X

**AMENDED
COMPLAINT**

13 CV 4790
(MKB) (RLM)

<u>Jury Trial Demanded</u>

Plaintiff LEVER BOWERS, by his attorneys, Leventhal & Klein, LLP, complaining of

the defendants, respectfully alleges as follows:

<u>**Preliminary Statement**</u>

1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts

supplemental state law claims.

<u>**JURISDICTION**</u>

2.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

<u>**VENUE**</u>

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff LEVER BOWERS is a twenty-five year old African American resident of Staten Island, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, NYPD Officers KIDERT JEAN-MARIE, FRANK DESIDERATO, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

2

YORK.

## FACTS

1.      This action arises from the defendants' unlawful conduct in the successive violations of plaintiff's civil rights on October 8, 2011 and May 29, 2012.

### THE OCTOBER 8, 2011 UNLAWFUL STOP, QUESTION, FRISK AND ARREST

2.      On October 8, 2011, plaintiff was lawfully sitting on a private bench across from 107 Barker Street, Staten Island, New York.  Plaintiff constructed and owned the bench and had permission and authority from the owner of said location to remain there.

3.      At approximately 8:00 p.m., defendant NYPD officers KIDERT JEAN-MARIE and FRANK DESIDERATO unlawfully stopped, questioned and frisked plaintiff.

4.      One of the aforementioned defendant officers stated, in sum and substance, what are you doing?

5.      Plaintiff responded, in sum and substance, that he had permission to be there and he could do what he wished.

6.      A short time later, defendant officers JOHN DOE #1 and JOHN DOE #2 arrived at the location.  After some verbal sparring with plaintiff, those officers left the location.

7.      Shortly thereafter, one of the first two officers who approached plaintiff, unlawfully issued plaintiff summons no. 433274878-5, falsely charging plaintiff with a violation of New York Penal Law § 240.20 (6).  A person is guilty of disorderly conduct under §240.20(6) when, with intent to cause public inconvenience, annoyance and alarm, or recklessly creating a risk thereof, he congregates with other persons in a public place and refuses to comply with a lawful order of the police to disperse.

3

8.      In the narrative section of the summons, a defendant officer falsely wrote that the defendant (e.g. plaintiff) was purportedly observed screaming causing public alarm after being stop [sic].

9.      The summons compelled plaintiff's appearance in Richmond County Criminal Court on December 22, 2011.

10.     On May 30, 2012, the summons was adjourned in contemplation of dismissal, and thereafter dismissed and sealed.

11.     The defendant officers lacked reasonable suspicion to stop and search plaintiff, as well as probable cause to arrest him for this incident.

### THE MAY 29, 2012 EXCESSIVE DETENTION OF PLAINTIFF

12.     In the early morning hours of May 27, 2012, plaintiff was the innocent victim of a shooting on Staten Island.  Plaintiff was rushed to Richmond University Medical Center ("RUMC") and admitted for treatment of his injuries.  While in the hospital, he was lawfully arrested by NYPD officers pursuant to the authority of a valid summons warrant issued by the Richmond County Criminal Court stemming from a valid open container summons previously issued to plaintiff.

13.     New York Criminal Procedure Law ("CPL") §120.90 sets forth the procedure after an arrest pursuant to a warrant, stating *inter alia* that: "Upon arresting a defendant for any offense pursuant to a warrant of arrest in the county in which the warrant is returnable or in any adjoining county, or upon so arresting him for a felony in any other county, a police officer, if he be one to whom the warrant is addressed, must without unnecessary delay bring the defendant before the local criminal court in which such warrant is returnable."

4

14.     On May 29, 2012, by approximately 9:30 a.m., plaintiff had been discharged from RUMC and the Richmond County Criminal Court was in session.  As per the CPL, the defendant NYPD police officers were required to produce him to the Richmond County Criminal Court "without unnecessary delay."

15.     The defendant officers JOHN and/or JANE DOE 3-10 unlawfully and/or excessively imprisoned plaintiff by failing to produce him to the Criminal Court until the afternoon of May 30, 2012, approximately thirty hours later.

16.     On May 30, 2012, the Richmond County Criminal Court vacated the warrant and released him.

17.     The defendant NYPD officers JOHN and JANE DOE 3 through 10 either participated in and/or failed to intervene in the illegal conduct described herein.

18.     Upon information and belief, NYPD supervisors, as yet unidentified, supervised the defendant officers and approved of, oversaw, and otherwise participated in the improper arrest and excessive detention of the plaintiff.

19.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising of its employees, and due to discrimination against plaintiff due to his race and/or nationality.

20.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board) that many NYPD officers are insufficiently trained regarding the requirements to stop, search, and arrest

individuals, disproportionately stop, search, and arrest individuals due to discrimination against them based on their race or nationality, and that they engage in a practice of falsification.

21.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiff's civil rights.

22.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

23.     As a result of the foregoing, plaintiff LEVER BOWERS sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

### Federal Claims

#### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983 – Two Counts)

24.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "23" with the same force and effect as if fully set forth herein.

25.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

26.     All of the aforementioned acts deprived plaintiff LEVER BOWERS, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United

6

States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

27.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

28.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

29.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

30.    As a result of the foregoing, plaintiff LEVER BOWERS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment/Excessive Detention under 42 U.S.C. § 1983 – Two Counts)

31.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32.    Defendants arrested plaintiff LEVER BOWERS without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical

restraints.

33.     Defendants caused plaintiff LEVER BOWERS to be falsely arrested.

34.     As a result of the foregoing, plaintiff LEVER BOWERS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
<u>(Failure to Intervene under 42 U.S.C. § 1983 – Two Counts)</u>

35.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36.     Defendants had an affirmative duty to intervene on behalf of plaintiff LEVER BOWERS, whose constitutional rights were being violated in their presence by other officers.

37.     The defendants failed to intervene to prevent the unlawful conduct described herein.

38.     As a result of the foregoing, plaintiff LEVER BOWERS'S liberty was restricted for an extended period of time, he was put in fear of his safety, he was humiliated and subjected to excessive force.

39.     As a result of the foregoing, plaintiff LEVER BOWERS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

8

## AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983 – Two Counts)

40.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.     The defendant officers are investigating officials who fabricated evidence that was likely to influence a jury's decision.  Said information was forwarded to prosecutors, and plaintiff suffered a deprivation of liberty as a result.

42.     As a result of the foregoing, plaintiff was deprived of his right to a fair trial/to be free from fabrication of evidence, causing emotional and physical injuries.

43.     As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983 – Two Counts)

44.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.     The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

46.     As a result of the foregoing, plaintiff LEVER BOWERS was deprived of his liberty and right to substantive due process, causing emotional and physical pain and suffering.

47.     As a result of the foregoing, plaintiff LEVER BOWERS is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983 – Two Counts)

48.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.     The defendants falsely arrested and subjected plaintiff LEVER BOWERS to excessive force because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

50.     As a result of the foregoing, plaintiff LEVER BOWERS was deprived of his rights under the Equal Protection Clause of the United States Constitution.

51.     As a result of the foregoing, plaintiff LEVER BOWERS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983 – Two Counts)

52.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

10

54.    As a result of the foregoing, plaintiff LEVER BOWERS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983 – Two Counts)

55.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

57.    The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, disproportionately stopping, searching, and arresting individuals due to discrimination against them based on their race or nationality; engaging in a practice of falsification; unnecessarily delaying the appearance of individuals arrested pursuant to bench warrants; and, inadequate screening, hiring, retaining, training and supervising its employees.

58.    The aforementioned customs, polices, usages, practices, procedures and rules of the New York City Police Department were the moving force behind the violation of plaintiff LEVER BOWERS' rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

11

59.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff LEVER BOWERS.

60.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff LEVER BOWERS as alleged herein.

61.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff LEVER BOWERS as alleged herein.

62.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff LEVER BOWERS was unlawfully arrested and subjected to excessive force.

63.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff LEVER BOWERS'S constitutional rights.

64.     All of the foregoing acts by defendants deprived plaintiff LEVER BOWERS of federally protected rights, including, but not limited to, the right:

      A.     Not to be deprived of liberty without due process of law;

      B.     To be free from false arrest/unlawful imprisonment;

      C.     To be free from deprivation of the right to a fair trial;

      D.     To be free from the failure to intervene; and

      E.     To receive equal protection under law.

12

65.     As a result of the foregoing, plaintiff LEVER BOWERS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### Supplemental State Law Claims

66.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

68.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

69.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

70.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

71.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A NINTH CAUSE OF ACTION
#### (False Arrest under the laws of the State of New York – Two Counts)

72.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

13

73.    Defendants arrested plaintiff LEVER BOWERS without probable cause.

74.    Plaintiff was detained against his will for an extended period of time.

75.    As a result of the aforementioned conduct, plaintiff LEVER BOWERS was unlawfully imprisoned in violation of the laws of the State of New York.

76.    As a result of the aforementioned conduct, plaintiff LEVER BOWERS suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

77.    As a result of the foregoing, plaintiff LEVER BOWERS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Battery under the laws of the State of New York – Two Counts)

78.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79.    Defendants made offensive contact with plaintiff without privilege or consent.

80.    As a result of defendant's conduct, plaintiff LEVER BOWERS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

81.    As a result of the foregoing, plaintiff LEVER BOWERS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

14

## AS AND FOR A ELEVENTH CAUSE OF ACTION
<u>(Intentional Infliction of Emotional Distress under the laws of the State of New York – Two Counts)</u>

82.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

84.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

85.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

86.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff LEVER BOWERS.

87.    As a result of the aforementioned conduct, plaintiff LEVER BOWERS suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

88.    As a result of the foregoing, plaintiff LEVER BOWERS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
<u>(Negligent Screening, Hiring, and Retention under the laws of the State of New York – Two Counts)</u>

89.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in

15

paragraph numbered "1" through "88" with the same force and effect as if fully set forth herein.

90.     Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff LEVER BOWERS

91.     Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

92.     As a result of the foregoing, plaintiff LEVER BOWERS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (Negligent Training and Supervision under the laws of the State of New York – Two Counts)

93.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

94.     Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff LEVER BOWERS.

95.     As a result of the foregoing, plaintiff LEVER BOWERS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (Negligence under the laws of the State of New York – Two Counts)

96.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97.   Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

98.   As a result of the foregoing, plaintiff LEVER BOWERS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of New York – Two Counts)

99.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "98" with the same force and effect as if fully set forth herein.

100.   Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

101.   As a result of the foregoing, plaintiff LEVER BOWERS is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

17

attorneys' fees, costs and disbursements of this action.

102.    As a result of the foregoing, plaintiff LEVER BOWERS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §11 – Two Counts)

103.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "102" with the same force and effect as if fully set forth herein.

104.    As a result of defendants' conduct, plaintiff was deprived of his right to equal protection of laws.

105.    As a result of the foregoing, plaintiff LEVER BOWERS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN SEVENTEENTH CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §12 – Two Counts)

106.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "105" with the same force and effect as if fully set forth herein.

107.    As a result of defendants' conduct, plaintiff was deprived of his right to security against unreasonable searches, seizures, and interceptions.

18

108.    As a result of the foregoing, plaintiff LEVER BOWERS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff LEVER BOWERS demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individual defendants in an amount to be determined by a jury;

(C)    reasonable attorneys' fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       March 31, 2014

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff LEVER BOWERS
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By:    _____
       BRETT H. KLEIN (BK4744)

19

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

LEVER BOWERS,

                                        Plaintiff,

            -against-                                                    13 CV 4790
                                                                         (MKB) (RLM)
CITY OF NEW YORK, KIDERT JEAN-MARIE, Individually,
and JOHN and JANE DOE 1 through 10, Individually (the names
John and Jane Doe being fictitious, as the true names are presently
unknown),

                                        Defendants.

--------------------------------------------------------------------------------X


**AMENDED COMPLAINT**


**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100